IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SHIVANI MOOTOO, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEA EASTRIDGE LP, ) <br> d/b/a "Eastridge Mall", ) <br> ) <br> ) <br> ) <br> Defendant. ) | Civil Action File No: 3:25-cv-805 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Shivani "Hanna" Mootoo ("Mootoo" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against WEA Eastridge LP., ("WEA Eastridge" or "The Defendant") and hereby states and alleges as follows:

## PRELIMINARY STATEMENT

1. This case arises from WEA Eastridge's illegal conduct against Mootoo during her employment with and unlawful termination from WEA Eastridge.

2. Mootoo contends that WEA Eastridge required, requested, and suggested that she submit to a lie detector test. Mootoo ultimately refused. Mootoo's employment was terminated, and her refusal to undergo the lie detector test was a factor in her discharge.

1

3. Mootoo seeks economic damages including back pay and front pay, as well as lost benefits, non-economic compensatory damages, attorneys fees, costs of litigation, and the maximum civil penalties permitted by law, under the Employee Polygraph Protection Act of 1988 ("EPPA"), 29 U.S.C. §§ 2001, *et seq.*

## THE PARTIES

4. Mootoo is, and at all relevant times, has been a citizen and adult resident of Gaston County, North Carolina.

5. Upon information and belief, WEA Eastridge is an American limited partnership, established in the state of Delaware, registering in the State of North Carolina, and doing business in Gastonia, North Carolina at all times relevant to this complaint.

6. The unlawful practices alleged herein were committed by WEA Eastridge within the Western District of North Carolina, specifically at Eastridge Mall located in Gastonia, North Carolina at 246 N New Hope Rd Gastonia, NC 28054.

7. WEA Eastridge was Mootoo's employer during the relevant time period alleged herein.

8. WEA Eastridge is an employer within the meaning of the EPPA, in that it has engaged in an industry that affects commerce and acts directly in the interest of an employer in relation to an employee.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims rising under federal law, including the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2001, *et seq.*

10. This Court has personal jurisdiction over WEA Eastridge, as it is registered to do business within the State of North Carolina and, at all times relevant to this action, has and continues to operate and employee individuals within the State of North Carolina.

11. WEA Eastridge's principal place of business is at its Gastonia facility, located at 246 N New Hope Rd Gastonia, NC 28054. WEA Eastridge can be served through its registered agent, CT Corporation System, located at 160 Mine Lake Court, Suite 200, Gastonia, North Carolina 27685.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims occurred within the Western District of North Carolina.

## FACTUAL BACKGROUND

13. Mootoo began working for WEA Eastridge in April 2022, specifically located within the Eastridge Mall, as a Window Clerk. As a Window Clerk she processed stamps, money orders, and accepted packages.

14. In Mootoo's employment with WEA Eastridge, Mootoo never received a disciplinary action or negative performance review. She was well liked and regarded as a reliable, diligent, and very hardworking employee.

15. In the fall of 2023 Mootoo's direct supervisor, Kim Roper ("Roper"), informed Mootoo of occasions when money deposits allegedly went missing.

3

16. Mootoo, however, was not present at the mall during any of the incidents in which money went allegedly missing. For example, during one of the alleged occasions, Mootoo was attending a scheduled appointment with her daughter's neurologist. Mootoo received permission and provided documentation of this appointment to the Mall's general manager, Steve Stout ("Stout"), to substantiate her absence.

17. Mootoo made several attempts to provide further substantiation of her absences on occasions that money allegedly went missing. For instance, Mootoo requested timecards and work logs from the Company for this purpose.

18. The Defendant failed to initiate any substantive investigation. In fact, Mootoo was assured in writing on two occasions, once by administrative assistant Brittany Mashburn ("Mashburn") and once by Stout that she was not the subject of any investigation.

19. On or about December 18, 2023, Stout told Mootoo that she and Roper would be given a polygraph test to determine if Mootoo or Roper stole the money orders. Stout explained that polygraph test would be performed by his friend, a former FBI agent, and the test concerned the alleged missing money deposits.

20. Given the coercive environment surrounding the question Mootoo initially agreed to submit to a polygraph examination, despite the absence of any evidence implicating her in any wrongdoing.

21. However, on or about December 2023, Mootoo emailed the Defendant formally declining to participate in the polygraph test and specifically invoked her rights under the EEPA.

22. After Mootoo declined to participate in the polygraph test she made several attempts to seek clarification concerning her employment status.

23. On December 28, 2023, ten days after Mootoo declined participation in the polygraph test and invoked her rights under the EPPA, Stout finally replied to her questions and concerns about her employment status, stating, that "this matter will be settled tomorrow, trust you me."

24. Spout became indisposed on or about December 28, 2023, due to a family emergency that was not work related.

25. On January 5, 2024, Mootoo met with Stout, where Stout terminated Mootoo's employment. Stout specifically stated Mootoo's basis for termination was, "for refusing the polygraph."

## COUNT 1

## Violation of the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2002, § (1) et seq.

26. Plaintiff realleges and incorporates by reference the facts and allegations as set forth above and below as if fully set forth herein.

27. At all times relevant to this action, WEA Eastridge has been subject to the requirements of the EPPA.

28. At all times relevant to this action, Plaintiff has been entitled to the rights, protections, and benefits provided under the EPPA, 29 U.S.C. §§ 2001, *et seq*.

29. The EPPA regulates, among other things, the use of polygraph tests by employers whose employees are "engaged in or affecting commerce or in the production of goods for commerce." 29 U.S.C. § 2002.

30. WEA Eastridge is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

31. At all times relevant to this action, WEA Eastridge has been and continues to be an "employer" within the meaning of the EPPA, 29 U.S.C. § 2001.

32. At all times relevant to this action, WEA Eastridge employed "employee[s]," including Mootoo.

33. The EEPA bars employers such as WEA Eastridge from "directly or indirectly, to require, request, suggest, or cause any employee . . . to take or submit to any lie detector test." 29 U.S.C. § 2002(1).

34. WEA Eastridge did not have an observable, articulable basis in fact which would indicate that Mootoo was involved in, or responsible for, an economic loss.

35. WEA Eastridge violated the EPPA when it directed, required, requested, and suggested that Mootoo take or submit to a lie detector test. 29 U.S.C. § 2002(1).

36. WEA Eastridge acted with malice, bad faith, and/or reckless disregard of Mootoo's rights under the EPPA.

37. As a direct and proximate result of WEA Eastridge's violation of the EPPA, Mootoo has suffered and may continue to suffer lost wages, lost benefits,

other pecuniary losses, stress, humiliation, pain, suffering, and has incurred attorneys' fees, costs, and expenses. *See* 29 U.S.C. § 2005(c).

## COUNT 2

### Violation of the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2001, § (3)(A) *et seq.*

38. Plaintiff realleges and incorporates by reference the facts and allegations as set forth above and below as if fully set forth herein.

39. WEA Eastridge's actions violated 29 U.S.C. § 2002(3)(A) by terminating Mootoo for refusing or declining to take a polygraph test.

40. WEA Eastridge's violations were willful, because it knew or showed reckless disregard as to whether its actions violated the EPPA. Among other things, this is evident from the fact that Mootoo was fired a mere ten days after she declined the polygraph test.

41. As a direct and proximate result of WEA Eastridge's violation of the EPPA, Mootoo has suffered and may continue to suffer lost wages, lost benefits, other pecuniary losses, stress, humiliation, pain, suffering, and has incurred attorneys' fees, costs, and expenses. *See* 29 U.S.C. § 2005(c).

## COUNT 3

### Violation of the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2002, § (4)(C) *et seq.*

42. Plaintiff realleges and incorporates by reference the fats and allegations as set forth above and below as if fully set forth herein.

43. Mootoo expressly invoked her rights under the EPPA in December 2023.

44. WEA Eastridge's actions violated 29 U.S.C. § 2002(4)(C) by terminating Mootoo for exercising her rights under the EPPA.

45. WEA Eastridge's violations were willful, because it knew or showed reckless disregard as to whether its actions violated the EPPA. Among other things, this is evident from the fact that Mootoo was fired a mere ten days after she exercised her rights under the EPPA.

46. As a direct and proximate result of WEA Eastridge's violation of the EPPA, Mootoo has suffered and may continue to suffer lost wages, lost benefits, other pecuniary losses, stress, humiliation, pain, suffering, and has incurred attorneys' fees, costs, and expenses. *See* 29 U.S.C. § 2005(c).

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands a trial by jury and that the following relief be granted:

a) An award of damages of the full amount of the unpaid wages due and owing to Plaintiff;

b) Liquidated damages, penalties, and fees, as provided by law;

c) Reasonable attorneys' fees and expert fees;

d) Costs and expenses of this action;

e) Compensatory damages to the extend allowed by law;

f) Punitive damages for all claims as allowed by law;

g) Prejudgment and post-judgment interest, as provided by law;

h) Any and all such other and further relief as this Court deems just and reasonable.

Respectfully submitted on this 16th day of October 2025.

**HKM Employment Attorneys LLP**

*/s Taylor Adams*
Taylor Adams
N.C. Bar No. 50549
Sunny Panyanouvong-Rubeck
N.C. Bar No. 39966
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
980-710-4137
TAdams@hkm.com

9

Case 3:25-cv-00805-MOC-DCK   Document 1   Filed 10/16/25   Page 9 of 9